## WILLIAM YOUNG *v.* THE STATE.

1. THEFT.— INDICTMENT which charges that the defendant "did steal one head of neat cattle of the value of ten dollars from J. T. P." fails to charge a single ingredient of theft.   Such an indictment, or indictment using the synonymous term "theft," charges merely a conclusion of law.

2. SAME.— An indictment for theft, to be sufficient, must charge the acts, intents and omissions which enter into the definition of the offense.

3. SAME.— An indictment must allege the constituent elements of the offense charged, and the Legislature has not the power to dispense with this necessity.

APPEAL from the District Court of Milam.   Tried below before the Hon. W. E. COLLARD.

The opinion discloses the nature of the case.   The trial resulted in conviction, with two years in the penitentiary assessed as punishment

No brief for the appellant has reached the Reporters.

*J. H. McLeary,* Attorney General, for the State.

HURT, J. The appellant was convicted of the theft of one head of neat cattle. The indictment charges that the appellant, William Young, "did steal one head of neat cattle of the value of ten dollars, from J. T. Pickens." This is the entire charging part of the indictment.

This indictment, though in exact conformity with the form prescribed in "An act to prescribe the requisites of indictments in certain cases," approved March 26, A. D. 1881, is nevertheless fatally defective. There is not a single *act* charged which enters into the composition of theft. It is true that the indictment alleges that the defendant "did steal," and it is also true that "steal" and "theft" are synonymous terms; but, if either of these terms were used, a conclusion of law would merely be charged. The acts, intents and omissions which are denounced by law as offenses must be alleged in the indictment. Nor has the Legislature the power to relieve the State of this necessity.

. See this question, as the writer thinks, exhaustively discussed by Judge Willson, in *Williams* v. *State*, decided at this term. (*Ante*, p. 395.) The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*