BOYLES, Plaintiff in error, v. STATE, Defendant in error.
[Two appeals.]

*Nos. State 63, 64. Argued March 5, 1970.—Decided March 31, 1970.*
(Also reported in 175 N. W. 2d 277.)

For the plaintiff in error there was a brief and oral argument by *Daniel D. Sobel* of Milwaukee.

For the defendant in error the cause was argued by *Allen L. Samson,* deputy district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J.    The complainant, Mr. Harvey Rotter, was, at all times relevant, the owner of Curley's Tavern in Milwaukee. He testified that on July 6, 1967, at approximately 10:30 a. m., he approached the rear of his tavern. Rotter further testified he was at that time carrying about $15,000 in a brown, paper bag which he was taking to his tavern, having just returned from the bank; that as he approached the rear of the tavern he saw

the defendant on the first landing of an outside stairway leading to apartments above the tavern. Defendant told Rotter to "[h]and me that sack;" while at the same time trying to withdraw a "dark automatic hand weapon" from his inside coat pocket. Rotter stated that after the defendant told him to hand over the sack and while defendant was attempting to remove a gun from his coat, that he, Rotter, ran into the tavern and did not see the defendant again that day. On cross-examination, Rotter stated he saw about 75 percent of the gun including the back part and part of the barrel; and that the gun apparently stuck in defendant's coat pocket. Rotter also testified that after the defendant asked for the sack and reached for his gun, he made no further move to get at Rotter.

Mr. Daniel Huell testified that on July 6, 1967, he was in an apartment when he looked out the rear window and saw the defendant and Rotter facing each other. Huell stated the defendant "poked in his coat . . . to get something out of his pocket," which Huell described as a "little snub nose . . . a small gun." Huell testified also that he saw a little bit of the barrel.

Mrs. Bessie Hill, a witness called by the state, testified that on July 6, 1967, she was working in her garden located directly behind the rear door of Curley's Tavern. She testified seeing the defendant walking around behind the tavern; later saw the defendant and Rotter facing each other; and then saw Rotter run into the tavern and the defendant run down the alley.

The defendant testified that he did not commit the offense and interposed an alibi defense. However, no issue has been raised on this writ of error concerning that defense.

This appeal presents two issues: (1) Was there sufficient evidence to prove the defendant guilty beyond a reasonable doubt of attempted armed robbery; and (2) did the trial court commit prejudicial error in charging the jury.

*Sufficiency of the evidence.*

The question is whether the defendant would have committed armed robbery ". . . except for the intervention of another person or some other extraneous factor." Sec. 939.32 (2), Stats.

". . . An unequivocal act accompanied by intent should be sufficient to constitute a criminal attempt. In so far as the actor knows, he has done everything necessary to insure the commission of the crime intended, and he should not escape punishment because of the fortuitous circumstance that by reason of some fact unknown to him it was impossible to effectuate the intended result." *State v. Damms* (1960), 9 Wis. 2d 183, 191, 100 N. W. 2d 592.

". . . Since all attempts to commit crimes are failures to do so, a failure excuses a defendant who attempts a crime only when his actual attempt is incomplete, rather than unsuccessful. Within the contemplation of this section an attempt is complete when the defendant, with intent to commit a crime, takes action in furtherance of such intent and the failure to accomplish the crime is due to a factor beyond his control or one unknown to him. *State v. Damms* (1960), 9 Wis. (2d) 183, 100 N. W. (2d) 592; *Le Barron v. State* (1966), 32 Wis. (2d) 294, 145 N. W. (2d) 79." *Huebner v. State* (1967), 33 Wis. 2d 505, 520, 147 N. W. 2d 646.

In this case there were unequivocal acts *i.e.,* the defendant telling Rotter to "[g]ive me that sack," while at the same time reaching to withdraw a gun from his coat pocket. Based on the testimony of witnesses who testified for the state, defendant did everything in his power to carry out the crime but his failure to quickly withdraw the gun coupled with Rotter's running into the tavern kept the defendant from his objective. The defendant did not abandon his efforts but he was prevented from successfully carrying out the crime by circumstances beyond his control. There is sufficient evidence in this case for the jury to be convinced beyond a reason-

able doubt by the state's evidence that the defendant was guilty of attempted armed robbery. *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183.

The defendant also submits there is no evidence from which a jury could reasonably conclude the defendant was armed with a dangerous weapon as defined in sec. 939.22 (10), Stats., and the gun described by witnesses could have been a toy pistol. From an examination of the record, it is apparent that Rotter, the man with the money in the sack, and Huell, the witness who saw the incident, were both convinced that the object they observed the defendant attempting to extract from his pocket was a gun.

We do not agree with defendant's contention that the state must prove that the gun used was in fact a lethal weapon before a person can be convicted of attempted armed robbery. Ordinarily such proof could only be supplied by the recovery of the weapon. This court in *Rafferty v. State* (1966), 29 Wis. 2d 470, 478, 138 N. W. 2d 741, cited with approval *Jackson v. State* (1963) 231 Md. 591, 191 Atl. 2d 432, which held that a starter pistol which could not discharge a bullet was a dangerous weapon because it could be used as a bludgeon and because it had the appearance of a lethal gun. In this case, the testimony of the two witnesses who described the gun was sufficient to prove beyond a reasonable doubt that the defendant was guilty of the offense charged.

The defendant also urges that he could not have known that the paper bag contained $15,000; however, in a prosecution for a violation of sec. 943.32, Stats., the value of the property is not an element of the offense.

*Jury instructions.*

The trial court instructed the jury on the elements of attempted armed robbery and also on the lesser offense of attempted robbery. On appeal, the defendant argues

that robbery is not a lesser included offense within the offense of armed robbery. Since the defendant was not convicted of the lesser offense and we affirm the conviction of attempted armed robbery, it is not necessary to reach this issue.

The defendant was in no way prejudiced by the inclusion of instructions on the lesser offense. *Frank v. State* (1896), 94 Wis. 211, 216, 68 N. W. 657. *See Commodore v. State* (1967), 33 Wis. 2d 373, 381, 147 N. W. 2d 283.

We find no prejudicial error in submitting the lesser charge of robbery in this case.

*By the Court.*—Judgment and order affirmed.