CLAYBROOKS, Plaintiff in error, v. STATE, Defendant in error.

\* *No. State 26. Argued January 8, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 139.)

\* See post, p. 87, involving same defendant convicted of another offense of armed robbery.

80

For the plaintiff in error there was a brief and oral argument by *Nathaniel D. Rothstein* of Milwaukee.

For the defendant in error the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J. The basic error urged by defendant on this review is that the trial court committed reversible error when it failed to instruct the jury with respect to certain crucial elements of the armed robbery offense

charged. Before we consider this alleged error on its merits, it is necessary to resolve two preliminary issues:

1. Should this court exercise its power of discretionary review of this alleged error even though a motion for new trial was not made to the trial court raising this error?

2. Where the defendant failed to object to the trial court's instructions or to request additional instructions, is he barred from raising error in the instructions on this review?

No motion for a new trial was made in the trial court. The error urged to be prejudicial on this review, improper instruction, is the type of error which should be raised in such a motion. Because such a motion was not made, defendant cannot now seek a review here of that alleged error as a matter of right.[1] The question is whether there are compelling circumstances in the instant case that cause us to exercise our discretionary review of the alleged error.[2] Defendant's present counsel could not have brought motions in the trial court since he was not appointed until later than one year after defendant's conviction. Under these circumstances we have previously exercised our discretionary review power.[3]

At the trial defendant was positively identified as a participant in the robbery. The uncontroverted evidence establishes that the three participants were masked, that one carried a gun, and that the defendant himself made profane threats to use the weapon that one of the other participants carried.

---

[1] *State v. Van Beek* (1966), 31 Wis. 2d 51, 52, 141 N. W. 2d 873.

[2] *Okimosh v. State* (1967), 34 Wis. 2d 120, 121, 148 N. W. 2d 652.

[3] *Hundhauser v. State* (1969), 44 Wis. 2d 447, 451 n. 1, 171 N. W. 2d 397.

Defense counsel requested the court to submit a verdict on robbery,[4] in addition to a verdict on armed robbery.[5] The trial court correctly refused on the ground that "there is undisputed testimony concerning the fact that a gun was presented at the time of the robbery."

However, the court then proceeded to instruct the jury on robbery, without including an instruction on sec. 943.32 (2), Stats.,[6] i.e., on the added element of being armed, nor did the court instruct the jury on sec. 939.22 (10), which defines "dangerous weapon." Nor did the court instruct the jury that it was required to specifically find that defendant was armed and that defendant had attempted to conceal his identity [7] while committing the crime, in order to find the defendant guilty as charged in the verdict.

The state urges us not to consider the merits of the alleged errors in the instructions, asserting that any objection to those instructions was waived by the defense.

In *Mitchell v. State* [8] we very recently said:

"This court has said in several recent cases that it would consider the failure to timely object to jury instructions a waiver of any alleged defects in those instructions. . . .

". . .

"Additionally, it can be said that neither defendant personally, nor through his counsel, should be permitted to listen to jury instructions being presented to the jury which he or his counsel believe to be inaccurate or incorrect and await the return of the verdict and, if unfavorable, then complain as a matter of right." [9]

[4] Sec. 943.32 (1), Stats.

[5] Sec. 943.32 (2), Stats.

[6] "(2) Whoever violates sub. (1) while armed with a dangerous weapon . . . ."

[7] Sec. 946.62, Stats.

[8] (1970), 47 Wis. 2d 695, 177 N. W. 2d 833.

[9] *Id.* at pages 699, 700.

There is little question that in this case the alleged errors were waived. Defendant and his counsel were both present when the jury was instructed; no objection was made at the time the instructions were given. In addition, immediately after the instructions were given, the court asked:

"Before swearing in the officer, are there any inadvertent errors that the court might have made in the course of these instructions that you could call to the court's attention? [No answer.]
"Swear the bailiff, please."

Hence the court specifically called counsel's attention to the instructions, giving them an opportunity to correct any errors that might have been made in that regard. The waiver of objection thereto could hardly have been more clearly effectuated.

Defendant contends, however, that this failure to object is of no consequence when the error is so fundamental as to deny a defendant a fair trial. In this regard he cites *Screws v. United States*,[10] wherein the United States Supreme Court stated:

"It is true that no exception was taken to the trial court's charge. Normally we would under those circumstances not take note of the error. . . . But there are exceptions to that rule. . . . And where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion. Even those guilty of the most heinous offenses are entitled to a fair trial. Whatever the degree of guilt, those charged with a federal crime are entitled to be tried by the standards of guilt which Congress has prescribed."[11]

It is well established that even where there is no timely objection in the trial court, errors in instruction

[10] (1945), 325 U. S. 91, 65 Sup. Ct. 1031, 89 L. Ed. 1495.
[11] *Id.* at page 107.

may be reviewed on appeal, even on the court's own motion, where the error is so plain or fundamental as to affect substantial rights of the defendant.[12] Of course, a defendant is faced with a heavy burden when he has acquiesced in the instructions given by the trial court.[13] We conclude to exercise our discretionary power of review in the instant case and to do so notwithstanding the plain waiver of the alleged error by the defendant. In doing so, the defendant must show that his substantial rights have been affected.[14] A review of the entire record indicates that the evidence clearly establishes that the defendant committed the crime, that he attempted to conceal his identity while doing so, and that one of the men involved was armed and defendant made profane threats to have the weapon used if the employees did not cooperate. The record also clearly shows that the trial court did not specifically instruct the jury that it must find the defendant was armed with a dangerous weapon while perpetrating the robbery and also that he did this with his identity concealed. Nor did the court instruct the jury as to the definition of a dangerous weapon. On this record we are satisfied that the failure to define a dangerous weapon was not a substantial error, since it is uncontradicted that the gun was involved. True, the state did not show that the gun was loaded, nor that it was in fact a lethal weapon; such is not required.[15] We conclude, therefore, that the failure to give the jury a definition of a dangerous weapon did not, in this case, result in a miscarriage of justice.[16]

[12] *E.g., Williams v. United States* (10th Cir. 1969), 418 Fed. 2d 372; *United States v. Cacchillo* (2d Cir. 1969), 416 Fed. 2d 231; *United States v. Prujansky* (6th Cir. 1969), 415 Fed. 2d 1045; *United States v. Urbana* (5th Cir. 1969), 412 Fed. 2d 1081; *United States v. Schmidt* (4th Cir. 1967), 376 Fed. 2d 751.

[13] *United States v. Dixon* (D. C. Cir. 1969), 419 Fed. 2d 288.

[14] Sec. 274.37, Stats.

[15] *Boyles v. State* (1970), 46 Wis. 2d 473, 477, 175 N. W. 2d 277.

[16] *Id.*

The failure of the court to tell the jury that it must also specifically find that defendant was armed and that he attempted to conceal his identity presents a somewhat different matter. Clearly these are essential elements of the crime involved in this case. In *State v. Johnson* [17] the defendant was charged with armed robbery under a statute which required a finding of "intent, if resisted, to kill or maim the person robbed." The trial court did not instruct the jury that it was required to find such intent. This court held that this failure was reversible error. We conclude that in the instant case the trial court committed error [18] in failing to instruct on the essential elements of the crime, to wit: that defendant was armed and that he attempted to conceal his identity. However, it is clear from the uncontroverted evidence that this was harmless error. On the record it cannot reasonably be said that had such error not been committed, the verdict might probably have been different. [19] "Upon the record it appears that the conclusion reached by the jury was well-nigh imperative." [20] In light of the entire record, we are satisfied that justice has not miscarried.

*By the Court.*—Judgment affirmed.

---

[17] (1936), 221 Wis. 444, 453–455, 267 N. W. 14.

[18] *State v. Johnson, supra,* footnote 17. *See also: State v. Walsh* (1969), 81 N. M. 65, 463 Pac. 2d 41; *People v. Davis* (1966), 74 Ill. App. 2d 450, 221 N. E. 2d 63; *Byrd v. United States* (D. C. Cir. 1965), 342 Fed. 2d 939.

[19] *See e.g., Woodhull v. State* (1969), 43 Wis. 2d 202, 168 N. W. 2d 281; *Blackwell v. State* (1969), 42 Wis. 2d 615, 167 N. W. 2d 587; *Shields v. State* (1925), 187 Wis. 448, 204 N. W. 486, 40 A. L. R. 945 (instruction).

[20] *Zeidler v. State* (1926), 189 Wis. 44, 50, 206 N. W. 872.