KIMMONS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 25. Argued April 2, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 308.)

For the plaintiff in error there was a brief by *Phillips, Richards & Mayew* and *Donald E. Mayew,* all of Kenosha, and oral argument by *Donald E. Mayew.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Burton Scott,* district attorney of Kenosha county.

CONNOR T. HANSEN, J. Two issues are raised on appeal: (1) Error in instructions, and (2) error for failure to submit verdicts for a lesser included offense.

The resolution of this case does not require a detailed review of the facts. The victims of both robberies positively identified the defendant and testified that he was armed with a pistol. The female victim of the first robbery was not as knowledgeable of firearms as the male victim of the second robbery; however, her description of the weapon is sufficiently detailed to support the conviction.

*Error in instructions.*

The instructions given on the first count did not include the following language, "while the said Charles H. Kimmons was then and there armed with a dangerous weapon, to wit, a pistol." However, in the general instructions to the jury, the trial court read the information to the jury. Each count charged robbery while "armed with a dangerous weapon, to wit, a pistol." The trial court read Webster's New World Dictionary's definition of a pistol to the jury, and also secs. 943.32 (2) and 939.22 (10), Stats.[1] Furthermore, the defendant did not submit requested instructions, or object to those given, or request additional instructions. *Mitchell v. State* (1970), 47 Wis. 2d 695, 177 N. W. 2d 833.

We consider the result of this appeal, as to this issue, is previously determined by our holding in the recent case of *Claybrooks v. State* (1971), 50 Wis. 2d 79, 183 N. W. 2d 139. Considering the evidence in this case and the instructions in their entirety, the omission of the specific language herein referred to was harmless error, and we consider it unnecessary to further discuss this issue.

*Verdicts for lesser included offense.*

The defendant argues that the trial court erred in failing to submit verdicts which would have permitted the

[1] "Section 943.32 (2) reads as follows:

" 'Whoever violates subsection one while armed with a dangerous weapon may be imprisoned (as therein provided).

". . . .

"You are further informed that section 939.22 (1) [sic (10)] of the Statutes relating to dangerous weapon reads as follows,

" 'Dangerous weapon means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm.' "

jury to find the defendant guilty of the lesser included crime of unarmed robbery. The defendant contends that in every case where armed robbery is charged, the lesser included crime of unarmed robbery must be submitted. We consider this argument to be wholly without merit.

From the record, it is abundantly clear that the defendant was armed with a gun.

This court has held that it need not be shown that a gun was loaded or that it was a lethal weapon. *Boyles v. State* (1970), 46 Wis. 2d 473, 175 N. W. 2d 277; *Claybrooks v. State, supra.* The law in this state regarding the submission of verdicts covering lesser included offenses was recently reviewed in *State v. Melvin* (1970), 49 Wis. 2d 246, 252, 253, 181 N. W. 2d 490:

". . . It has been said frequently that to justify the submission for conviction of a lesser offense included in a greater crime there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense. *Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283; *Devroy v. State* (1942), 239 Wis. 466, 1 N. W. 2d 875; *State v. Stortecky* (1956), 273 Wis. 362, 369, 77 N. W. 2d 721, and cases therein cited.

". . . In *Zenou v. State* (1958), 4 Wis. 2d 655, 668, 91 N. W. 2d 208, this court stated that if the evidence in one reasonable view would suffice to prove the guilt of the higher degree of crime beyond a reasonable doubt and if under a different but reasonable view the evidence would be sufficient to prove the guilt of the lower degree of crime beyond a reasonable doubt and also leave a reasonable doubt as to some element included in the higher degree but not in the lesser, the court could submit both degrees. . . .

"The early cases point out and emphasize and we must stress again, because the question keeps recurring, that a determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining the crime charged includes the lesser offense because juries are not to be given the discretion or freedom to pick and choose what offense the accused

should be found guilty of. *Weisenbach v. State* (1909), 138 Wis. 152, 119 N. W. 843. The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain and does not convince beyond a reasonable doubt the additional element of the greater crime existed."

In the present case there was no reasonable ground in the evidence for acquittal of the greater offense of armed robbery and conviction of the lesser offense of unarmed robbery.

*By the Court.*—Judgment affirmed.