STATE, Respondent, v. MORALES, Appellant.

*No. State 192. Argued June 3, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 841.)

652

The cause was submitted for the appellant on the brief of *Juan G. Morales* of Fox Lake, pro se, and for the respondent on the brief of *Robert W. Warren,* attorney general, *William A. Platz* and *Robert D. Martinson,* assistant attorneys general, and *E. Michael McCann,* district attorney of Milwaukee county.

HEFFERNAN, J.  Morales in his pro se brief contends there was no probable cause to issue the search warrant because the evidence upon which it was based was not proved credible.  He also contends that Detective Sandoval's testimony was insufficient to establish probable cause and that the events upon which the finding of probable cause was based occurred so long prior to the hearing on the search warrant that they had no probative value on the question of whether narcotics were present in the apartment when the search warrant was issued. Each of these arguments was made and rejected in the defendant's appeal to this court. *Morales v. State, supra,* pages 102–104.

While the defendant, on this appeal, attempts to present new arguments relating to the question of probable cause for the issuance of the search warrant, they are all en-

compassed in the original appeal, and we are satisfied that this appeal affords no grounds for attack on the search warrant that were not resolved in the prior appeal.

Morales alleges, on this appeal, that even if the search were lawful and based on probable cause, the seizure of what proved to be heroin was unlawful in that it was made upon the groundless suspicion of the officer conducting the search. No objection was made at trial to the seizure of the heroin. We have frequently said that, in the absence of a strategic waiver, a trial court objection is not necessary to preserve the right to raise constitutional errors on appeal. *State v. Knoblock* (1969), 44 Wis. 2d 130, 170 N. W. 2d 781; *State v. McDonald* (1971), 50 Wis. 2d 534, 184 N. W. 2d 886; *State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75; *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441. We will, however, review constitutional errors not raised at trial if it is in the interest of justice to do so and no factual issues need be resolved. *Bradley v. State* (1967), 36 Wis. 2d 345, 153 N. W. 2d 38, 155 N. W. 2d 564; *State v. Clarke* (1970), 49 Wis. 2d 161, 181 N. W. 2d 355.

Here, the evidence showed that Detective Sandoval was an experienced narcotics officer and that he conducted the search on the basis of reliable information that heroin had been seen in the apartment only a few days earlier. Detective Sandoval stated that the packets contained white powder, which he suspected was heroin. Had he been asked to expand upon the grounds of his suspicion, he, no doubt, could have done so, but he was not asked.

The seizure here was pursuant to a warrant which both this court and a federal district court has held to be constitutionally antiseptic. The burden of showing the illegality or the unreasonableness of the seizure was upon the defendant. *State v. Elkins* (1966), 245 Or. 279, 422 Pac. 2d 250; *Morales v. State, supra.*

We are satisfied that the interest of justice does not require a reversal for further examination of the ques-

tion of whether Detective Sandoval had reasonable cause to believe that the white powder he seized was heroin.

Defendant also claims that he was entitled, as a matter of due process, to a hearing within forty-eight hours after the issuance of the search warrant to determine whether the substance seized was heroin and whether the defendant was in possession of that substance. Sec. 963.03 (1), Stats. 1967, provided:

"The search warrant shall be directed to the sheriff or any constable or other peace officer of the county, commanding him to search the place where the things for which he is required to search are believed to be concealed, or the person believed to have them in his possession, or both, which person or place and things shall be described in the warrant, and to bring such things and the person in possession of them before the magistrate who issued the warrant or before some other magistrate or court having cognizance of the case."

That section does not require the hearing urged by defendant. The questions which the defendant seeks to have answered go to the question of guilt or innocence and must await the preliminary examination for a determination of probable cause for a bindover to a court of trial jurisdiction and for eventual resolution at trial.

Morales also claims that the statute is unconstitutional because it provides that possession of heroin calls for mandatory imprisonment without probation. Sec. 161.02 (1), Stats., makes it unlawful for unauthorized persons to possess narcotic drugs. Sec. 161.28 provides that any person who violates sec. 161.02 (1) shall be imprisoned for not less than two nor more than ten years. It also provides that, except for a first offense, sentence shall not be withheld or execution stayed pursuant to ch. 57, which provides for probation in most criminal cases. Morales had a prior conviction for possession of marijuana and, consequently, under the statutes, is not entitled to probation.

This court has recently held in *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, that there is no constitutional right to probation. The right to probation is created by the legislature. The defendant cannot claim a denial of due process as a result of the legislature's refusal to permit probation in this type of case.

He also claims that the statute is violative of due process, because it does not require proof of criminal intent. The legislature, in the exercise of its power and duty to protect public health and safety, elected not to require such a showing. The crime for which the defendant was found guilty is of a nature that makes it difficult or impossible to prove intent to violate the statute, and yet protection of the public requires that violators be punished and the possession of narcotics be suppressed. In this type of crime, a state is permitted to punish violators of the statute regardless of intent. Sloan, *The Development of Crimes Requiring No Criminal Intent*, 26 Marquette Law Review (1942), 92.

The United States Supreme Court has never enunciated a constitutional mandate requiring proof of *mens rea* in all cases before an accused can be held accountable for his acts. *Powell v. Texas* (1968), 392 U. S. 514, 535, 88 Sup. Ct. 2145, 20 L. Ed. 2d 1254. The states are free to create crimes which do not require proof of *mens rea*. *Roberts v. State* (1969), 41 Wis. 2d 537, 545, 164 N. W. 2d 525. Such proof was not necessary in this case.

Nor do we agree with the defendant that the statute is unconstitutionally vague and indefinite, because it fails to give notice of what constitutes "possession" of narcotics. "Possession" is a word well defined by the law. Black's, *Law Dictionary* (rev. 4th ed.) ; 72 C. J. S., *Possess*, p. 232; *Curl v. State* (1968), 40 Wis. 2d 474, 482, 162 N. W. 2d 77. We are satisfied that the word, "possession," is sufficiently clear and well enough understood by

the legal profession and laity alike to give reasonable notice of what is prohibited by the statute.

Defendant also argues that his privilege against self-incrimination was violated, because the statute made it necessary for him to take the stand to testify that he was not a user or seller of narcotics. Neither the statute nor the proceedings herein compelled such testimony. The defendant, who was represented by counsel, took the stand because he chose to do so. Had he elected not to testify, no adverse inference could have been drawn by his refusal to testify.

Defendant also argues that the imposition of a ten-year sentence constituted cruel and unusual punishment and an abuse of the trial judge's sentencing discretion. Defendant testified that he was a narcotics addict. He admitted that he frequented the company of other addicts. An officer of the narcotics division of the Milwaukee police department testified that, in seven years of experience, he had on only one other occasion seen as large a quantity of heroin as that seized in the defendant's apartment. The defendant's record showed a prior conviction for the possession of marijuana, and the defendant admitted to an escape while serving a prior sentence for shoplifting.

This court has said that the test to determine whether a sentence constitutes cruel and unusual punishment is whether the sentence is " 'so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.' " *State v. Pratt* (1967), 36 Wis. 2d 312, 322, 153 N. W. 2d 18; *State v. Seraphine* (1954), 266 Wis. 118, 122, 62 N. W. 2d 403.

It is clear that the legislature has recognized, because of the acute involvement of public health and welfare where narcotics are involved, that, as a matter of public

policy, severe sentences should be imposed under appropriate circumstances. Whether or not this case was appropriate for the imposition of a maximum legislatively permitted sentence is a matter of judicial discretion. This court has the power to review sentences to determine whether an abuse of discretion has occurred. *State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9; *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. Nevertheless, there is a strong policy against interfering with the trial judge's sentencing discretion, and only in cases of clear abuse will this court reverse or modify a sentence. *State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134.

In *McCleary,* we directed that sentencing judges henceforth adhere to Standard 2.3 (c) of the American Bar Association *Standards Relating to Appellate Review of Sentences,* page 11, which requires a sentencing judge to state his reasons for selecting the sentence imposed. In view of the fact that the sentence herein was imposed long before the mandate in *McCleary,* the trial judge cannot be expected to conform precisely to those standards. Nevertheless, under *McCleary,* in the circumstances posed by this case, we are required to examine the record *ab initio* to determine whether the imposition of sentence constituted an abuse of discretion. We evaluate the nature of the crime, the culpability of the defendant, and the personal and social traits of the defendant as they were demonstrated in the record. We conclude, after weighing such factors, that the sentence herein did not constitute an abuse of discretion. The defendant was found in possession of a large quantity of heroin. There was evidence that he frequently associated with narcotics addicts. There was testimony that he required $100 a day to satisfy his addiction. There was evidence to show that the circumstances required his removal from his environment for a considerable length of time, under

treatment and close supervision, if he were to be rehabilitated. It is apparent that, in the exercise of discretion and upon the facts of record, the trial judge properly imposed a ten-year sentence.

*By the Court.*—Orders affirmed.