STATE, Respondent, v. BURGHER, Appellant.

*No. State 27.   Argued December 1, 1971.—Decided January 4, 1972.*
(Also reported in 192 N. W. 2d 869.)

For the appellant there was a brief and oral argument by *Charles M. Constantine* of Racine.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J.   The issue presented is whether the sentences imposed are excessive.

Sec. 940.205, Stats. 1969, provides:

"**Battery to peace officers; firemen.**  Whoever causes bodily harm to a peace officer, as defined in s. 939.22

(22), or fireman, acting in his official capacity and the person knows or has reason to know that the victim is a peace officer or fireman, by an act done with intent to cause bodily harm to the peace officer or fireman, without consent of the person so injured, may be imprisoned not more than 2 years."

About 10 p. m., November 10, 1968, the police of the city of Racine were called to intercede in a family quarrel. Two police officers responded. The defendant resisted or at least resented the police efforts. There is a dispute as to whether "Mace" was used and who used it. In any event, the police officers radioed for additional assistance and the defendant fled from the scene.

In response to the call for help, Robert Holton, a motorcycle policeman in the vicinity, proceeded to the scene. When he arrived he saw the defendant emerge from between two nearby houses. In one hand the defendant was carrying a garbage can lid as a shield. In the other hand he was carrying a heavy logging chain which he was whirling around his head. The defendant charged at Officer Holton who then rushed to his motorcycle to call for additional police assistance. The defendant shouted, "You're going to need all the help you can get, you son of a bitch," and hit Officer Holton in the lower back with the chain.

In about two minutes two more squad cars had arrived at the scene. The defendant rushed to the squad cars' doors and swung the chain to prevent the officers from getting out of the cars. One officer, James McCaske, did get out. The defendant threw the chain at McCaske and hit him in the groin area. McCaske fell to the ground and was in severe pain. He did, however, get up and pursue the defendant, and the defendant was apprehended and subdued.

Both officers were taken to a local hospital for examinations; both were injured somewhat but not seriously and were released the same night.

On November 11, 1968, the defendant was arrested and charged with two separate violations of sec. 940.205, Stats. The defendant was released upon bond and subsequently a preliminary hearing was conducted and defendant was bound over for trial. At the arraignment on June 16, 1969, he pleaded not guilty and not guilty by reason of insanity.

On April 1, 1970, the defendant appeared with counsel, withdrew his previous pleas and entered pleas of guilty to both charges. He was sentenced to two consecutive eighteen month terms as set forth above.

Sec. 940.205, Stats., "Battery to peace officers; firemen," provides for a penalty of not to exceed two years. The section is of recent origin [1] and basically changed the offense from a misdemeanor to a felony.

The defendant contends the sentences were excessive. In support of this position he argues that the court abused its discretion in imposing consecutive sentences and not giving sufficient weight to the presentence report which recommends probation.

In *State v. Tuttle* (1963), 21 Wis. 2d 147, 151, 124 N. W. 2d 9, we stated:

"This court, however, has statutory power to reverse and to direct the entry of a proper judgment when it appears from the record that it is probable that justice has for any reason miscarried. We consider that we have the power to review sentences to determine whether an abuse of discretion clearly appears, and to remand for resentencing or to modify a sentence. . . ."

This rule has been confirmed in subsequent cases: *State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134; *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, and cases cited therein.

*Tuttle, supra,* at pages 150, 151, also declared that this court would be reluctant to interfere with the trial

[1] 41 West's Wisconsin Statutes Annot. (1971 Pocket Part), p. 34, Laws of 1967, ch. 216, sec. 2, effective December 9, 1967.

court's determination in fixing the length of sentence. This has been the rule enunciated in later cases. *McCleary v. State, supra; Hanneman v. State* (1971), 50 Wis. 2d 689, 184 N. W. 2d 896.

In *McCleary*, we announced that the trial court must state its reasons for imposing particular sentences. However, the absence of such reasons in the record does not necessarily constitute an abuse of discretion, especially in cases where the sentence was imposed prior to the date of the *McCleary* decision,[2] which is the situation in the instant case. *State v. Morales* (1971), 51 Wis. 2d 650, 187 N. W. 2d 841.

When the trial court passed sentence on the defendant in this case on April 27, 1970, it considered two factors in imposing the sentences. The court stated:

". . . However, he left the area and came back with a logging chain and a garbage can cover swinging this logging chain over his head striking Office Holton and striking Officer McCaske with that chain. . . . Now police officers aren't to be something that when they become officers and put on a blue uniform that they are open targets to be pounced, pummeled, abused, sworn at. . . . But in this case there was no mitigating circumstances. He left the area, he went and got the garbage can cover, he went and got the logging chain and he came back at the officers, as the aggressor. And this court is not going to tolerate that sort of conduct on the public, against the police officers. I know the probation department recommended probation, but I don't agree with it. . . ."

The reasons stated by the trial court are sufficient to justify the sentences imposed.

At the hearing on August 24, 1970, for reconsideration and modification of the sentences, the court further said:

". . . But the court cannot delegate its responsibility of sentencing to the Department of Health and Social Services. There is no one the court can turn to except

[2] January 5, 1971.

its own conscience. And the court has examined this case and examined it since this sentencing, and it examined it fully on the day of the sentencing, but the decision must be based upon the totality of the circumstances of what happened, the character of the defendant, his past record, statements that he made and during the incident at the time that he attacked Sgt. Holton. And this was not one event, there was a time lapse, a time lapse of one officer, Officer Barlement coming and bringing the squad car behind the motorcycle, and later the squad car of Dyess and McCaske arriving. . . ."

Again, these reasons are sufficient to demonstrate the court's reasons for imposing the consecutive eighteen-month sentences.

It is true, as the defendant argues, that the presentence report may be taken into consideration by the trial court before sentence is passed. *State v. Schilz, supra; State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75. However, the trial court should exercise its discretion on the whole record, including the presentence report. *State v. Cole, supra; Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521.

The court specifically stated that it felt that there were no mitigating circumstances and that the crime was a violent one. Both of these factors heavily influenced the decision. The trial court also specifically stated that it did not agree with the recommendation of probation by the department of health & social services. To do so in this case for the reasons given was not an abuse of discretion.

In the instant case the record demonstrates that the length of the sentences, the fact that they were consecutive, and without probation, do not constitute an abuse of discretion by the trial court. The defendant could have seriously hurt or killed both of these officers by striking them with the heavy logging chain. There was at least a two-minute interval after the defendant struck Holton and before he hurled the logging chain at McCaske. That

458

was enough time to allow defendant to control himself, which he did not do. The court was justified in considering it two assaults rather than one. Therefore the imposition of two eighteen-month sentences, to be served consecutively, although close to the maximum sentences possible, was justified by the violence of two separate acts by defendant.

*By the Court.*—Judgment affirmed.