MOORE, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 133. Argued March 29, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 820.)

* Motion for rehearing denied, without costs, on September 6, 1972.

1

For the plaintiff in error there was a brief by *Frederick Hersh,* attorney, and *Thomas A. Schulz* of counsel, both of Milwaukee, and oral argument by *Mr. Schulz.*

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J.   The issues are:

1. Was the defendant subjected to double jeopardy because the trial court amended the robbery charge and then found him guilty of theft from the person?

2. Was the trial court's sua sponte amendment of the information reversible error?

3. Did the amended information charge a crime so as to sustain a conviction for theft from a person?

4. Did the trial court abuse its discretion in sentencing the defendant?

The defendant contends that the amendment of the charge from robbery to theft from a person subjected the defendant to double jeopardy in violation of art. I, sec. 8 of the Wisconsin Constitution and the fifth amendment to the United States Constitution.

The defendant bases his argument upon two premises, to wit: That theft from a person is a lesser included offense in the crime of robbery; and that the motion to dismiss by the defendant was granted by the trial court.

The two statutes involved are as follows:

Sec. 943.32 (1) (a), Stats., defines robbery:

"**Robbery.**   (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years:

"(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property."

Sec. 943.20 (1) (a) and (3) (d) 2, Stats., describes larceny from the person in the following terms:

"**Theft.** (1) ACTS. Whoever does any of the following may be penalized as provided in sub. (3):

"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.

". . .

"(3) PENALTIES. Penalties for violation of this section shall be as follows:

". . .

"(d) If the value of the property is less than $2,500 and any of the following circumstances exist, a fine of not more than $5,000 or imprisonment for not more than 5 years or both:

". . .

"2. The property is taken from the person of another or from a corpse."

We have recently held that theft is not a lesser included offense of the crime of robbery because theft required the additional and necessary element of asportation. *Champlain v. State* (1972), 53 Wis. 2d 751, 193 N. W. 2d 868.

A cursory examination of sec. 943.32 (1) (a), Stats., does not reveal the element of asportation. However, a re-examination of the words "with intent to steal, takes property," in their proper context, convinces us they include the element of asportation.

In 40 Words and Phrases (perm. ed.), *Steal,* pp. 204, 205, the words "steal" and "theft" are used synonymously. *Cox v. Territory* (1909), 2 Okla. Crim. 668, 104 Pac. 378; *Ladwig v. Heyer* (1907), 136 Iowa 196, 113 N. W. 767; *Williams v. State* (1882), 12 Tex. Ct. App. 395; *Young v. State* (1882), 12 Tex. Ct. App. 614; *Harris v. Thornton's Department Store* (Tex. 1936), 94 S. W. 2d 849.

Also in 40 Words and Phrases (perm. ed.), *Steal*, pp. 197–200, the cases almost universally define the word "steal" to mean to feloniously take and *carry away* the property of another.

Further, in 41A Words and Phrases (perm. ed.), *Theft*, p. 114, "robbery" is distinguished from "theft" only in that robbery contains the element of violence or the threat of violence.

In *Champlain, supra,* at page 755, we pointed out that there was a conflict among the various jurisdictions as to whether theft was a lesser included offense in the crime of robbery. Additional research has demonstrated that the majority rule is that theft is included in the crime of robbery and we concur with the majority rule. Our result is not inconsistent with *Hawpetoss v. State* (1971), 52 Wis. 2d 71, 187 N. W. 2d 823, for *Hawpetoss* held only that asportation was an element of the crime of theft. We now hold that robbery necessarily includes the element of asportation and that larceny from the person is a lesser included crime.

As to defendant's second premise, the record clearly indicates that the trial court did not explicitly dismiss the robbery charge. Rather, it amended the information to charge the defendant with the crime of theft.

Sec. 939.66 (1), Stats., provides:

**"Conviction of included crime permitted. . . .** An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged."

Because we have determined that theft is an included crime in that of robbery, the trial court was justified in finding the defendant guilty of theft from the person. *Kimmons v. State* (1971), 51 Wis. 2d 266, 186 N. W. 2d 308; *State v. Melvin* (1970), 49 Wis. 2d 246, 181 N. W. 2d 490; *Zenou v. State* (1958), 4 Wis. 2d 655, 91 N. W.

2d 208. As such the defendant was not subjected to double jeopardy as prohibited by both the federal and state constitutions.

The defendant urges that the trial court committed prejudicial error when after it amended the charge against him it failed to inform him of the nature and potential penalties under the amended charge, and that the trial court erred in not allowing the defendant to enter a plea to the amended charge. The defendant urges that these omissions are a violation of art. I, sec. 7 of the Wisconsin Constitution, which provides:

"**Rights of accused.** SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; . . ."

The attorney general argues that sec. 957.16, Stats. 1967, allows the trial court to amend the charges against a defendant.

Sec. 957.16, Stats. 1967, provides:

"**Variances disregarded; amendment.** (1) The trial court may allow amendments in case of variance between the complaint or indictment or information and the proofs in all cases where the variance is not material to the merits of the action. After verdict the pleading shall be deemed amended to conform to the proof if no objection based on such variance was timely raised upon the trial.

"(2) Upon allowing an amendment to the complaint or indictment or information, the court may direct other amendments thereby rendered necessary and may proceed with or postpone the trial."

The question arises as to whether the trial court's action constituted a material variance to the merits of this action.

In this instance, since theft is an included crime of robbery, the amendment of the information from robbery to theft did not materially prejudice the defendant. All

of the elements of theft are included in the elements of robbery. Of necessity, then, the defendant had notice and opportunity to prepare a defense to the elements of theft as well as to the additional elements that comprise the crime of robbery.

It is our opinion that the trial court did not commit error when it sua sponte amended the information.

The defendant also contends that the amended information was insufficient in that the facts alleged did not charge the defendant with intent to permanently deprive Angeline Schuld of her purse and the money. Therefore, argues the defendant, he could not have been convicted of theft because the information did not charge theft, nor did the trial court's amendment of the information involve any factual changes, only a renumbering of the offenses charged.

On the other hand, the state argues that the second sentence of sec. 957.16, Stats. 1967, deprives defendant of his right to raise that issue, even if correct, in this court. The state notes that the defendant did not object to the contents of the amended information at trial.

We think that the state is correct. The record amply demonstrates that the defendant intended to permanently deprive Angeline Schuld of her purse and her money. The record reveals he was located after the incident only by the diligence of the police who searched the neighborhood for him. We deem that the pleadings conform to the proof adduced at trial.

The defendant argues that the trial judge abused his discretion in sentencing the defendant to five years, the statutory maximum for theft from a person.

In *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, this court held that the trial court must state its reasons for imposing a particular sentence. This ruling was designed to provide the record in a criminal case with some indication that the trial court in fact exer-

cised its statutorily granted discretion in sentencing a defendant.

The state points out that the sentence in the instant case was imposed prior to the date of the *McCleary* decision.[1] In *State v. Burgher* (1972), 53 Wis. 2d 452, 192 N. W. 2d 869, this court stated that in such a situation the absence of stated reasons by the trial court in the record does not necessarily constitute an abuse of discretion. For the same result also see *State v. Morales* (1971), 51 Wis. 2d 650, 187 N. W. 2d 841.

This court does have the power to review sentences and determine whether the trial court abused its discretion in sentencing. *State v. Tuttle* (1963), 21 Wis. 2d 147, 151, 124 N. W. 2d 9; *State v. Burgher, supra; McCleary v. State, supra,* and cases cited therein. The exercise of this power is tempered by this court's reluctance to interfere with the trial court's determination. *McCleary v. State, supra; Burgher v. State, supra.*

The question then is whether the trial court in this instance abused its discretion.

The record reveals that the defendant, a relatively young man, took a purse from an elderly lady sixty-three years of age after he said to her, "Don't you holler or scream," and "What do you have on you?"

In recommending sentence the assistant district attorney stated:

"Your honor, my recommendation is that this man be incarcerated. This is a very savage type of crime, preying upon the weak and the old in that area of town. I would suggest that the court incarcerate this defendant to the utmost because of this crime."

This crime was inexcusable and one where the court must extend protection to the public.

---

[1] January 5, 1971.

The facts of this case provide a sufficient basis to sustain this sentence as an exercise of discretion.

*By the Court.*—Judgment affirmed.

ROBERT W. HANSEN, J. *(concurring).* Concurring completely with the result and reasoning of the majority, this separate opinion is added as a footnote to negative the apparent assumption of the trial judge that the evidence adduced by the state would not support a conviction on a sec. 943.32 (1) (b), Stats., charge of robbery by threat of force.

The defendant, twenty-four years of age, walked up to the sixty-three-year-old lady, his hand in his pocket, moved the pocketed hand, and said, "Don't you holler or scream," and asked, "What do you have on you?" Told of her having a little coin purse, he said, "What's in it?" She handed over her purse. His actions and statements made it an entirely reasonable inference that a robbery by threat of force had been committed. The lady did not hand over her purse as a donation to her favorite charity. She relinquished possession to the stranger who accosted her because of fear of force being used against her. The victim of the robbery was not required to scream or begin an unequal struggle with the defendant to find out what he meant by what he said and did, or what he had in his pocket. She was not required to risk a bullet in the brain, a knife in the ribs, or a punch to the jaw to add the element of threatened force to the situation. The defendant himself added that element. The taking of the lady's coin purse was clearly accomplished by the victim's fear of force and defendant's threat of force. We do not say the defendant should have been convicted of the more serious offense; we note merely that clearly he could have been.

I am authorized to state that Mr. Justice LEO B. HANLEY joins in this concurring opinion.