WEIR, Plaintiff in error, v. STATE, Defendant in error.

*No. State 114. Submitted March 1, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 161.)

For the plaintiff in error the cause was submitted on the briefs of *J. Richard Long* of Beloit.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, with whom on the brief was *Robert D. Martinson,* assistant attorney general.

PER CURIAM. The court concludes after a review of the record that the trial court did not abuse its discretion in sentencing the defendant to the maximum five-year term for receiving stolen property. *See McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. The factors the trial court took into consideration in imposing the sentence including the defendant's prior record, marital status, and apparent level of intelligence were all relevant to the sentencing determination. Since the sentencing took place before this court's decision in *McCleary,* we conclude the absence of specifically detailed reasons for the imposition of this particular sentence does not establish an abuse of discretion in this case. *See State v. Burgher* (1972), 53 Wis. 2d 452, 192 N. W. 2d 869.

Moreover, since the record reflects the trial counsel indicated defendant wanted to be sentenced immediately after the verdict was returned, there is no merit to defendant's argument on this review that the trial court should have ordered a presentence investigation prior to sentencing. *See State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134.

The court further concludes defendant's motion for postconviction relief pursuant to sec. 974.06, Stats., was properly denied.

After a review of the extensive record in this case, we conclude that the allegedly false testimony presented by the state, could not in any reasonable likelihood have affected the judgment of the jury. That is the test to be applied when a state witness falsely denies being given promises of prosecutorial leniency in exchange for his testimony. *See Napue v. Illinois* (1959), 360 U. S. 264, 79 Sup. Ct. 1173, 3 L. Ed. 2d 1217; *Giglio v. United States* (1972), 405 U. S. 150, 92 Sup. Ct. 763, 31 L. Ed. 2d 104. *See also: Bowers v. State* (1972), 55 Wis. 2d 155, 158, 197 N. W. 2d 769.

Similarly, the court concludes that defendant failed to establish on his motion for postconviction relief that the recanting witness' trial testimony was in fact perjured in the specific respects he now claims.

The judgment and order are affirmed.