KNOTWELL, Plaintiff in error, v. STATE, Defendant in error.

*No. State 132. Submitted June 7, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 448.)

For the plaintiff in error the cause was submitted on the brief of *Francis R. Croak*, attorney, and *Cook & Franke, S. C.*, and *Robert F. Johnson* of counsel, all of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Robert D. Martinson*, assistant attorney general.

PER CURIAM. On this review the defendant now claims, among other things, that certain of the prosecutor's remarks during closing argument were prejudicial to him. In the absence of a timely objection and a motion for a mistrial, allegedly prejudicial statements made by the prosecutor cannot be objected to on appeal, or made the basis of a motion for a new trial. *State v. Ruud* (1969), 41 Wis. 2d 720, 726, 727, 165 N. W. 2d 153;

*State v. Bailey* (1972), 54 Wis. 2d 679, 691, 196 N. W. 2d 664.

The court concludes on the basis of the entire jury instructions given by the trial court, the omission of a particular phrase from the standard instruction did not prejudice this defendant. This single omission did not significantly alter the meaning of the instructions when considered as a whole. *See Kimmons v. State* (1971), 51 Wis. 2d 266, 186 N. W. 2d 308; *see also: Claybrooks v. State* (1971), 50 Wis. 2d 87, 183 N. W. 2d 143.

Additionally, the court concludes the defense at the preliminary hearing, was not improperly precluded from cross-examining the victim of the crime concerning statements he made to the police. The defense now justifies what appears to have been merely an attempt at pretrial discovery by claiming that the ruling by the magistrate precluded an attack on the credibility of the witness at the preliminary. However, as this court recently noted in *Wilson v. State,* ante, pp. 269, 295, 208 N. W. 2d 134, decided June 18, 1973, ". . . There is a point where attacks on credibility become discovery. That point is crossed when one delves into general trustworthiness of the witness, as opposed to plausibility of the story." Significantly, in the instant case, the defense at the preliminary did not attempt to cross-examine the victim on his recollection of the contents of his statement, but rather, the questioning was directed at either obtaining a copy of the statement or discovering the name of the police officer to whom the statement had been given.

Furthermore, the record reveals that immediately prior to the commencement of the trial, the prosecution turned over to the defense the entire police file including all statements made by the victim. Thus, the defense was able to use any inconsistencies therein to impeach the trial testimony of the victim.

The judgment and order are affirmed.