STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Robert JOHNSON, Defendant-Appellant.

Supreme Court

*No. 95–0072–CR. Oral argument October 29, 1996.—Decided February 4, 1997.*

(Also reported in 558 N.W.2d 375.)

For the plaintiff-respondent-petitioner the cause was argued by *Marguerite M. Moeller*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief and oral argument by *Brian C. Findley*, state public defender.

¶ 1. WILLIAM A. BABLITCH, J. The State of Wisconsin (State) seeks review of a court of appeals' decision reversing the armed robbery conviction of Robert Johnson (Johnson). After pleading guilty to armed robbery and attempted armed robbery, Johnson was convicted of both crimes in the Circuit Court of Milwaukee County by Circuit Judge Diane S. Sykes. The attempted armed robbery conviction, for which Johnson received a 10-year sentence, is not before this court.[1] The court of appeals reversed Johnson's armed robbery conviction and allowed him to withdraw his

---

[1] Johnson's attempted armed robbery conviction was based on his unsuccessful attempt to rob a currency exchange.

guilty plea. The court of appeals concluded that because neither the complaint nor the plea hearing statements contained facts to support the asportation element (i.e., carrying away) of armed robbery, the State had failed to provide a factual basis to support the circuit court's acceptance of Johnson's guilty plea. The State contends that this court should construe Wis. Stat. § 943.32 (1993-94)[2] so that asportation is not an element of robbery. We disagree. In 1972, in *Moore v. State*, 55 Wis. 2d 1, 197 N.W.2d 820, we concluded asportation was an element of robbery. The legislature has done nothing to alter that interpretation. We find no compelling reason to revisit our construction of the law at this time. Therefore, we reaffirm that asportation is an element of armed robbery. Accordingly, we affirm the court of appeals and remand to the circuit court to allow Johnson to withdraw his guilty plea.

¶ 2. The relevant facts are not in dispute. On February 26, 1994, Herbert Ball (Ball) was sitting in his car on the street in front of his home when Johnson approached him armed with a handgun. Johnson ordered Ball out of the car and Ball complied, leaving his keys in the ignition. Johnson then entered Ball's car, sitting in the driver's seat. It is not clear exactly what happened next, but the car either stalled, shut off, or would not start. In any case, the car did not move. We agree with the court of appeals' statement that the State concedes that neither the complaint nor the plea hearing statements provide a factual predicate for the element of asportation. There is no factual basis to support a finding that either Ball's automobile or its keys were ever moved, even slightly. Johnson exited the car and was later arrested.

---

[2] All future references are to the 1993-94 statutes.

¶ 3. The State charged Johnson with armed robbery and attempted armed robbery pursuant to Wis. Stats. § 943.32(1)(b) and (2), cited below.[3] Johnson pleaded guilty to armed robbery and attempted armed robbery. After a guilty plea hearing, the circuit court convicted him of both charges, and sentenced him to 10 years in prison for attempted armed robbery and 10 years for armed robbery. The attempted armed robbery sentence and conviction are not before us. In December 1994, Johnson filed a postconviction motion seeking withdrawal of his guilty plea and vacation of his conviction for armed robbery, alleging there was no factual basis for the asportation element of robbery and, consequently, the facts did not support his armed robbery conviction.

¶ 4. The circuit court denied Johnson's motion. The court of appeals reversed, citing *Moore* and reasoning that because the State had failed to present evidence to support each element of armed robbery, one of these elements being asportation, the circuit court had no basis for accepting Johnson's guilty plea. *See*

---

[3] **Robbery. (1)** Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

. . . .

 (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

. . . .

 (2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon is guilty of a Class B felony.

Wis. Stat. § 971.08(1), cited below.[4] The State asks this court to reexamine its holding in *Moore* and reverse the court of appeals' decision allowing Johnson to withdraw his guilty plea.

¶ 5. A postconviction motion for the withdrawal of a guilty plea is only granted when necessary to correct a manifest injustice. *State v. Harrell*, 182 Wis. 2d 408, 414, 513 N.W.2d 676 (Ct. App. 1994). One type of manifest injustice is the failure to establish a sufficient factual basis that the defendant committed the offense to which he or she pleads. *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996). The circuit court's decision regarding the withdrawal of a guilty plea is discretionary and will not be upset on review unless there has been an erroneous exercise of discretion. *Harrell*, 182 Wis. 2d at 414. Failure by the circuit court judge to ascertain that "the defendant in fact committed the crime charged" is an erroneous exercise of discretion. *Smith*, 202 Wis. 2d at 25. Johnson has the burden of showing by clear and convincing evidence that withdrawal of his plea is necessary to correct a manifest injustice. *Harrell*, 182 Wis. 2d at 414.

---

[4] **(1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

¶ 6. Johnson contends that reversing his conviction and allowing him to withdraw his guilty plea is necessary to correct the manifest injustice of convicting him for a crime he did not commit. He argues that the evidence does not support a conviction of armed robbery because the facts do not support the element of asportation, i.e., Ball's automobile never moved. The State concedes that the automobile never moved. Nonetheless, the State asks the court to reexamine the asportation requirement and either: (1) overrule *Moore* which holds that asportation is an element of robbery under Wis. Stat. § 943.32; or (2) create an "automobile exception" that finds asportation where, as here, a defendant enters a vehicle after forcing the owner to leave at gunpoint. Neither of these proposed holdings would allow Johnson to withdraw his guilty plea.

¶ 7. This case presents one issue: whether a person may be convicted of armed robbery when the property at issue is an automobile and the person does not move the automobile. The court accepted the State's petition for review in order to reconsider *Moore* under these facts. After a careful reexamination of the asportation requirement, we decline the State's invitation to either overrule *Moore* or create an automobile exception.

¶ 8. We conclude that, by its silence, the legislature has acquiesced to our interpretation of the robbery statute in Moore, i.e., that asportation is an element of robbery. Moreover, we decline the State's invitation to create an automobile exception to the asportation requirement. Accordingly, we affirm the court of appeals.

¶ 9. We turn first to the meaning of asportation. Asportation means "carrying away." *State v. Grady*, 93 Wis. 2d 1, 5, 286 N.W.2d 607 (Ct. App. 1979). The robbery statute under which Johnson was convicted does not expressly require a "carrying away." Nonetheless, in 1972, the court construed Wis. Stat. § 943.32 to require asportation as an element of armed robbery. *Moore*, 55 Wis. 2d at 6. Subsequently, the court of appeals has relied on and refined *Moore*: Section 943.32 focuses on the taking of property and if the property was not moved, the crime of robbery was not committed. *State v. Dauer*, 174 Wis. 2d 418, 432, 497 N.W.2d 766 (Ct. App. 1993). The slightest movement is sufficient to meet the element of asportation. *Grady*, 93 Wis. 2d at 5. The movement must be a movement away from the area where the object was intended to be. *Ryan v. State*, 95 Wis. 2d 83, 101, 289 N.W.2d 349 (Ct. App. 1980) (interpreting the theft statute).

¶ 10. In the 24 years since *Moore* was decided, the legislature has not substantively modified Wis. Stat. § 943.32. We can presume that the legislature was aware of the court's interpretation of the robbery statute. If the legislature disagreed with the court's interpretation, it could have amended § 943.32 to exclude the asportation requirement, yet it has not done so. Legislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation. *State v. Eichman*, 155 Wis. 2d 552, 566, 455 N.W.2d 143 (1990). In the face of legislative inaction, we will revisit our interpretation only if we identify a compelling justification for change.

¶ 11. We cannot identify such a need. The State asks us, in the alternative, to create an automobile exception. We find no need to do so. Historically, the asportation requirement has caused few problems. In 1954, Marygold Melli and Frank Remington wrote:

> Asportation is of little importance since the problem seldom arises; and when it has arisen in other jurisdictions any movement however slight has been held to be sufficient (footnotes omitted).

Theft - A Comparative Analysis, 1954 Wis. L.Rev. 253, 256.

The State has not demonstrated that the law is broken. Indeed, the State conceded at oral argument that the asportation requirement has not caused a great deal of harm.

¶ 12. To create an automobile exception would be to unnecessarily complicate the law. The asportation requirement fits in well with the overall legal scheme of criminal misappropriations in Wisconsin. The asportation requirement provides a bright line test for lower courts to follow. It creates an easily identifiable distinction between attempted armed robbery and armed robbery.

¶ 13. Furthermore, the asportation requirement is a useful tool in categorizing lesser included offenses. In *Moore*, the court concluded that asportation is a requirement of robbery and, therefore, theft is a lesser included offense of robbery. Robbery is distinguished from theft only in that robbery contains the element of violence or threat of violence. *Moore*, 55 Wis. 2d at 6. As the legislature enacts new laws, the asportation requirement might well continue to distinguish crimes under Wis. Stat. ch. 943.

¶ 14.　We conclude that, by its silence, the legislature has acquiesced to our interpretation of the robbery statute in *Moore*, i.e., that asportation is an element of robbery. The legislature may, of course, choose to create such an exception. To date, it has not done so. We hold that a person may not be convicted of armed robbery when the property at issue is an automobile and the person does not move the automobile. The State has failed to bear its burden of proving that Johnson caused Ball's automobile to move. Consequently, despite his guilty plea, he must be allowed to withdraw his plea. We quote with approval the court of appeals:

> There is no factual basis to support a finding that either Ball's automobile or its keys were ever moved, even slightly. Without such a factual predicate for his guilty plea, Johnson has established by clear and convincing evidence that the plea withdrawal is "necessary to correct a manifest injustice." *Harrington*, 181 Wis. 2d at 989, 512 N.W.2d at 263. Accordingly, the trial court erroneously exercised its discretion in denying his postconviction motion to withdraw his guilty plea to the armed robbery count.

*Johnson*, 200 Wis. 2d at 713 (citation omitted).

¶ 15.　We agree with the court of appeals that where, as here, the State fails to meet its burden as to every element of the charged crime, the accused cannot be convicted of that crime, even if he or she pleads guilty. Accordingly, we affirm the court of appeals and remand this case to the circuit court to allow Johnson to withdraw his guilty plea.

*By the Court.*—Affirmed.