# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 16, 2026

Samuel A. Christensen
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP2110**

Cir. Ct. No. **2025TR8577**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

COUNTY OF MILWAUKEE,

PLAINTIFF-RESPONDENT,

V.

KENT AUSTIN WILLIAMS,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: MARISABEL CABRERA, Judge. *Affirmed*.

¶1 PETRASHEK, J.[1] Kent Austin Williams, pro se, appeals from a judgment of the circuit court finding him guilty of a traffic violation for excessive

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

speed. Williams argues that Milwaukee County did not present sufficient evidence to support the violation alleged. We disagree and affirm.

## BACKGROUND

¶2 Williams was stopped by Milwaukee County Sheriff's Deputy Anthony Machowski for exceeding the speed limit in a 55-mile-per-hour zone by between 25 and 29 miles per hour. He was issued a Wisconsin Uniform Citation. Williams pled not guilty and the case proceeded to a bench trial, at which Williams represented himself.

¶3 The County called Machowski, who testified that he paced a silver Cadillac on Interstate 41 in a construction zone. He matched pace with the Cadillac for over a mile, relying on his certified speedometer in his squad car to determine the Cadillac's speed, which he estimated, "to the benefit of the doubt, at 80 miles per hour in a 55 mile per hour … zone." Machowski initiated a traffic stop and issued the citation. He identified Williams in court as the driver.

¶4 During cross-examination, Machowski admitted there were vehicles between his squad and Williams's vehicle while he was pacing Williams. He also stated that the speedometer in his squad was certified, but he did not know the specifics of that designation, adding that the information would be in the sheriff's department records.

¶5 After the County rested its case, Williams informed the circuit court he did not want to testify, but he had evidence he wanted to present. The court informed Williams he would need to first show any evidence to the prosecutor. Williams stated he wanted to discuss misinformation on the citation. The

2

prosecutor suggested he could recall Machowski to ask those questions, and Williams did so.

¶6      Williams asked Machowski what WIS. STAT. § 346.57(4)(h) (2023-24),[2] which was listed on the citation, stated.  The deputy testified there were several speeding statutes, but he believed that subsection (4)(h) proscribed speeding in a 55-mile-per-hour zone.  Williams then offered his own commentary in response, stating that the subsection sets a "recommended speed" of 55 miles per hour if the road is "unmarked."  Williams added, "the whole time that I was on that road, there were actually signs posted, saying that it was 55 miles per hour."  Williams also asked Machowski what the notation "N" meant in the field for "minor children" on the citation.  The deputy stated he did not know, but he recalled that Williams had a child in the car.

¶7      Williams then stated that he obtained Machowski's dash camera footage; however, he did not present that evidence to the court and it was not admitted.  Williams attempted to challenge the reliability of Machowski's speed assessment, asking Machowski about him "rattling off other numbers -- 79, 81, 83" in the dash camera footage; inquiring how Machowski decided that Williams was going 80 miles per hour and not one of the other speeds; and suggesting, through questioning, that the pacing assessment may have been impaired by the presence of other vehicles.  Machowski testified that he followed Williams carefully within traffic, and he stated that he was giving Williams the "benefit of the doubt" by issuing the citation for 80 miles per hour.

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

¶8    In its closing argument, the County asserted that Machowski's testimony constituted credible evidence to establish that Williams violated the applicable speed limit. The prosecutor stated that the deputy had years of experience as a patrol officer, he was operating a vehicle that was regularly maintained by his department, and the speedometer was certified at periodic intervals. The County asserted that Machowski's testimony established Williams's identity as the driver, the venue for the citation, that the speed limit at this location was 55 miles per hour, and that Williams was traveling at least 25 miles per hour over the speed limit based on the pacing technique.

¶9    In Williams's closing argument, he argued that WIS. STAT. § 346.57(4)(h) was inapplicable because it established a speed limit in the absence of fixed limits or posted signs, and there were posted signs for the speed limit where he was stopped. He asserted that the citation was inaccurate because Machowski acknowledged Williams had a child with him, but the citation was marked "N" in the minor children field. He also argued that the deputy's pacing method was unreliable and the deputy gave inconsistent speed estimates on the dash camera footage.

¶10    The circuit court found Williams guilty as charged. The court noted that the only evidence presented in the trial was Machowski's testimony, which the court found credible. The court stated that "based on [Deputy Machowski's] training and experience, he observed that Mr. Williams was driving at a high speed" and he then paced Williams "with his certified speedometer" for "roughly, one mile and found that, even giving Mr. Williams the benefit of the doubt, he was going 25 over the speed limit." There was no evidence in the record that showed "the speedometer was defective, working improperly, or anything was wrong with it." The court acknowledged Williams's allegations that the deputy made

inconsistent estimates of speed on the dash camera footage, but this footage was not placed into evidence.

¶11     The circuit court concluded that the County met its burden by clear, convincing, and satisfactory evidence.  The court imposed a fine in the amount recommended by the County.  Williams now appeals.

**DISCUSSION**

¶12     Williams presents two main arguments on appeal, both of which turn on the application of WIS. STAT. § 346.57(4)(h).  First, Williams argues in multiple ways that there was insufficient evidence to support a violation of subsection (4)(h).  Second, he argues that the citation should have been dismissed because it failed to properly state the ordinance violated, which deprived him of notice and the ability to prepare a defense.

¶13     We first address Williams's challenge to the sufficiency of the evidence.  "The standard of proof for conviction of any person charged with violation of any traffic regulation shall be evidence that is clear, satisfactory and convincing."  WIS. STAT. § 345.45.  In a trial to the circuit court, the court's "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses."  WIS. STAT. § 805.17(2).  When the circuit court acts as the trier of fact, the court "is the ultimate arbiter of the credibility of witnesses."  *Stevenson v. Stevenson*, 2009 WI App 29, ¶14, 316 Wis. 2d 442, 765 N.W.2d 811.

¶14     As a reviewing court, we will not reject an inference drawn by the trier of fact "when the inference drawn is reasonable."  *Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.  We search

the record for evidence to support the findings made by the circuit court, "not for findings that the [circuit] court could have made but did not." *Id.* We will sustain the circuit court's findings "unless they are inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts." *Id.*

¶15 Williams asserts the County presented insufficient evidence of a violation of WIS. STAT. § 346.57(4)(h). The citation described the violation as "speeding in a 55 mph zone (25-29 mph)" and referenced the ordinance appendix and WIS. STAT. § 346.57(4)(h). Subsection (4)(h) provides that "[i]n the absence of any other fixed limits or the posting of limits as required or authorized by law," no person shall drive a vehicle in excess of "55 miles per hour."

¶16 Williams asserts that he was driving in a posted 55 mile-per-hour zone, making WIS. STAT. § 346.57(4)(h) inapplicable. In making that claim, he relies upon dash camera footage and his own statements that the roadway had a posted speed limit—neither of which was admitted as evidence. Williams never sought the admission of the dash camera footage, and he declined to offer testimony. His unsworn statements while he cross-examined Machowski were not evidence. *See* WIS. STAT. § 906.03(1) (requiring all witnesses to "declare that the witness will testify truthfully, by oath or affirmation" before testifying); WIS JI—CIVIL 50 (2024) (stating among other rules that "evidence is" the "testimony of witnesses given in court" and that cases must be decided solely upon "the evidence offered and received at trial"); *cf. Van De Hey v. Calumet Cnty.*, 40 Wis. 2d 390, 397, 161 N.W.2d 923 (1968) (noting that counsel's commentary upon the credibility of a witness was improper because it was based on impeachment material that was not admitted into evidence).

6

¶17 In our examination of the record, there is no evidence that establishes whether the highway had a posted speed limit. Machowski testified only generally that they were traveling in a 55-mile-per-hour zone during the encounter, without specifying whether the speed limit was posted. Because there is no evidence that the highway had a posted speed, Williams cannot demonstrate that he was improperly cited for a violation of WIS. STAT. § 346.57(4)(h). Moreover, Machowski's testimony was sufficient to establish that that the speed limit in the area was 55 miles per hour—and Williams does not appear to dispute that was the applicable speed limit.[3]

¶18 We now turn to Williams's arguments that the evidence was insufficient to support finding him guilty of violating a 55-mile-per-hour speed limit by more than 25 miles per hour. He contends the evidence was insufficient for three reasons: the County failed to establish a reliable basis for the alleged speed; the circuit court relied upon facts not in evidence; and errors and inaccuracies on the citation undermine its reliability. We reject all three arguments.

¶19 Williams first argues that the County failed to present reliable evidence that he was speeding. He asserts there was no evidence that the

---

[3] Williams makes several other arguments that we decline to address because they are not supported by legal authority or developed legal reasoning. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). These include (1) that the ordinance did not adopt this statute, which is factually incorrect because MILWAUKEE COUNTY ORDINANCES APP. C § 1(b) (1989) adopts the chapter which includes WIS. STAT. § 346.57(4)(h); (2) that because Machowski could not recite the provisions of § 346.57(4)(h) at trial, his testimony was insufficient to establish that the elements were satisfied; and (3) that the citation was fatally defective because it did not identify the correct statute violated or adopted contrary to WIS. STAT. § 345.11(2), which sets forth the information required to be listed on a citation, including the statute or ordinance violated.

speedometer in Machowski's vehicle was properly calibrated and that pacing requires proof of proper calibration and continuous observation. He argues that Machowski admitted he did not personally calibrate the speedometer and acknowledged that there were vehicles between their cars.

¶20  Contrary to Williams's arguments, the evidence was sufficient to establish a speeding violation. Machowski testified that he determined Williams's speed through pacing, he described how he determined Williams's speed, and he stated that his speedometer was maintained by the Milwaukee County Sheriff's department. The court found Machowski credible and noted that there was no evidence that there was a problem with the speedometer. Although Williams challenges the pacing method and speedometer, he fails to demonstrate that the court's factual findings were clearly erroneous or that the County's evidence was "patently incredible." *See Global Steel Prods. Corp.*, 253 Wis. 2d 588, ¶10.

¶21  Next, Williams asserts that the circuit court relied upon facts not in evidence, specifically that the speedometer was properly calibrated, despite a lack of evidence showing calibration. He argues that the court resolved factual discrepancies in the State's favor. Again, Williams did not offer evidence that the speedometer was not properly calibrated. The court, acting as the trier of fact, resolved factual discrepancies based on the evidence and testimony it found credible. *See Stevenson*, 316 Wis. 2d 442, ¶14. Again, Williams has not shown that the court's findings were clearly erroneous. *See Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530 ("A circuit court's findings of fact are clearly erroneous when the finding is against the great weight and clear preponderance of the evidence.").

¶22    Williams also faulted the circuit court for stating it could not rely upon any of the purported information in the dash camera footage. The court cautioned Williams at the beginning of trial that only sworn testimony would be considered evidence and the court must rely upon evidence in the record as the basis of its decision. Although Williams asked Machowski about the contents of the dash camera footage, he never requested that the court admit the footage into the record. While the small claims procedure directs the court to admit evidence "having reasonable probative value," a party still must present the evidence to the court and request admission. *See* WIS. STAT. § 799.209(2). Williams did neither, and we cannot review a claim that the court denied Williams's right to present evidence when Williams did not attempt to do so. We conclude that Williams forfeited appellate review of this argument.[4] *See **State v. Ndina***, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (discussing that the failure to exercise a right at trial may forfeit a right of appellate review).

¶23    As for Williams's statements in court related to the contents of the dash camera footage, those statements, again, were not evidence. Williams chose not to testify as a sworn witness. Although trials on traffic forfeiture actions occur under small claims procedures, which are generally informal, an unsworn statement in court is not considered evidence.[5] *See* WIS. STAT. § 799.209(1)-(2) (directing the circuit court to allow "each party to present arguments" and to admit evidence "having reasonable probative value" while allowing it to "exclude

---

[4] Likewise, by failing to seek to admit the dash camera footage, Williams has forfeited his argument that the circuit court denied his right to present a defense.

[5] The circuit court applies the procedures in small claims actions under WIS. STAT. ch. 799 when it conducts trials on forfeiture actions for violations of traffic regulations. WIS. STAT. §§ 345.20(2)(a), 799.01(1)(b), 799.209.

irrelevant or repetitive evidence or arguments"); WIS. STAT. § 906.03(1); WIS JI—CIVIL 50 (discussing that sworn testimony is considered evidence).

¶24 Next, Williams argues that the citation contains errors and inaccuracies that undermine its reliability. He points to the notation "N" in the "minor passengers" field, which he argues meant there were no minor passengers. However, Machowski testified that Williams's child was in the vehicle.[6] Williams has not established the meaning or relevance of the "N" and we are not persuaded this undermines the citation's reliability or makes the court's findings and inferences unreasonable.[7] *See Global Steel Prods. Corp.*, 253 Wis. 2d 588, ¶10.

¶25 We also reject Williams's argument that the contents of the citation impaired his ability to prepare an adequate defense. "A criminal charge must be sufficiently stated to allow the defendant to plead and prepare a defense." *State v. Fawcett*, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988).[8] A defendant is not prejudiced by errors if "the charging document verbally describes the offense but refers to the wrong statute[.]" *State v. Scott*, 2017 WI App 40, ¶10, 376

---

[6] We note that Machowski testified to not knowing what the "N" signified. While Williams's position is logical, he has not provided legal authority for that position or shown evidence in the record to support that the citation indicates that minor children were not present. *See Pettit*, 171 Wis. 2d at 646. Williams has not argued that the offense or penalty is affected by having minor passengers in the vehicle.

[7] Williams also argues that when a conviction relies upon a sole witness, errors such as those on the citation cannot be considered harmless. He offers no legal authority for this position. We decline to consider this argument. *See Pettit*, 171 Wis. 2d at 646.

[8] Williams supports his due process arguments with criminal law cases, which are an imperfect fit because violations of state traffic laws with monetary forfeitures as penalties are civil offenses. *State v. Peterson*, 104 Wis. 2d 616, 621, 312 N.W.2d 784 (1981). Williams has not established the applicability of criminal law standards. Nonetheless, we consider the law as it relates to due process rights under the federal and Wisconsin constitutions. *See State v. Pulizzano*, 155 Wis. 2d 633, 645, 456 N.W.2d 325 (1990).

Wis. 2d 430, 438, 899 N.W.2d 728.  Even if Williams asserts that he was unsure which statute he violated, the citation provides sufficient "notice of the nature and cause of the accusations" to allow Williams to prepare a defense to violating a 55-mile-per-hour speed limit, which he appears to agree was the applicable speed limit regardless of whether it was posted.  *See id.*  Williams has failed to establish that his right to due process was violated by the contents of the citation.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

11